# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1940V

| | |
|---|---|
| ELIZABETH CIMINO,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br><br>Filed: July 7, 2025 |

*John Beaulieu, Siri & Glimstad, LLP, Lousville, KY,* for Petitioner.

*Madylan Louise Yarc, U.S. Department of Justice, Washington, DC,* for Respondent.

### **FINDINGS OF FACT AND CONCLUSIONS OF LAW DISMISSING GBS CLAIM**[1]

On December 30, 2022, Elizabeth Cimino filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq. (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on October 29, 2021. Petition at 1. On October 23, 2023, the case was activated and assigned to the Office of Special Masters' Special Processing Unit (the "SPU"). ECF No. 26.

**I.     Relevant Procedural History**

On May 7, 2024, Respondent filed a Rule 4(c) Report arguing this claim must be dismissed because Petitioner has failed to demonstrate that she suffered from the injury alleged – GBS – or that her vaccination caused it. ECF No. 32 at 10-15.

---

[1] Because this ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

On May 19, 2025, I issued an Order to Show Cause finding that based upon my preliminary review of the record, Petitioner would likely be unable establish that she suffered from GBS as alleged, making it impossible for her to prevail on a Table GBS claim. ECF No. 33. I further found that Petitioner might be able to establish an off-Table claim for another injury, and informed her that I would permit her an opportunity to file an Amended Petition alleging such an injury. *Id*.

Based upon my preliminary findings, I ordered Petitioner to file any additional evidence demonstrating her alleged injury of GBS and Show Cause, on or before Thursday, June 20, 2025, why her GBS case should not be dismissed for failure to establish the injury alleged. ECF No. 33 at 6. Alternatively, if Petitioner agreed to dismiss her GBS claim, I ordered her to file a Status Report, and an Amended Petition, by no later than Thursday, June 20, 2025, confirming her intent to proceed with her claim on alternate injury. In which case, I advised Petitioner I would dismiss her GBS claim and likely reassign this case to another Special Master for resolution outside of SPU. *Id*. at 6, n. 3.

On June 20, 2025, Petitioner filed an Amended Petition alleging that she suffered "an off-table injury, a demyelinating disease and neuropathy, caused-in-fact and resulting from the influenza vaccination she received on October 29, 2021." ECF No. 35 at 1. Petitioner further filed a status report stating that she "is in agreement to dismiss the Table GBS claim pursuant" to my Order to Show Cause. *Id.*

As discussed in my Order to Show Cause, and pointed out by Respondent in his Rule 4 Report, Petitioner was never diagnosed with GBS by any of her numerous treatment providers. "As threshold matter, [P]etitioner must 'prove by a preponderance of the evidence the existence of the injury she claims was caused by the vaccination.'" Respondent's Report at 11 (citing *Devonshire v. Sec'y of Health & Human Servs*, 76 Fed. Cl. 452, 454 (Fed. Cl. 2007)).

The primary indication that Petitioner suffered from GBS in the medical record (besides her own initial concern for GBS)[2] comes from the medical record of Dr. Shatla,

---

[2] Petitioner stated to her PCP at a telemedicine visit on December 7, 2021 that "[s]he was worried about Guillain-Barre syndrome because she had just gotten her flu vaccine." Ex. 2 at 18. However, Petitioner was assessed with fatigue and an idiopathic peripheral neuropathy – not GBS. Ex. 2 at 22.

It is also acknowledged that on April 27, 2022, Petitioner was seen by a licensed social worker, Judith Petroski, for mental health therapy. Ms. Petroski notes that *Petitioner reported* to her that her current neurologist "is leaning toward [a diagnosis of] either Guillain-barre syndrome following a flu shot or MS." Ex. 10 at 25. However, there is no evidence that Petitioner's neurologist, Dr. Cherukuri, was leaning toward a GBS diagnosis, or ever diagnosed Petitioner with GBS. Additionally, on December 19, 2022, Petitioner submitted an application to the State of New York Department of Motor Vehicles requesting a parking permit or license plate for persons with severe disabilities. Ex. 11. The application states that Petitioner had a diagnosis of GBS with an undetermined recovery date and was signed by Maysae Sancrown, FNP-C. *Id*.

who stated that Petitioner had "recovered [from] acute onset of demyelination polyneuropathy after a flu shot." Ex. 6 at 12. However, as asserted by Respondent, this statement appears to be based on Dr. Shatla's *presumption* that Petitioner had been previously diagnosed with GBS – which is not the case. Respondent's Report at 12-13. None of Petitioner's diagnostic testing filed to date is indicative of a GBS diagnosis. ECF No. 33 at 2-4 (abbreviated factual synopsis contained within my Order to Show Cause). Her most recent, and consistent, assessment has come from Dr. Cherukuri who diagnosed her with subacute weakness and paresthesia in her legs of unclear etiology. *Id.*

Given the foregoing, I find that Petitioner cannot demonstrate that she suffered from GBS. Accordingly, I find that dismissal of her GBS claim is warranted (and as consented to by Petitioner). The matter may proceed outside of SPU as a causation-in-fact claim alleging Petitioner's flu vaccine caused her to suffer a demyelinating disease and neuropathy.

**Accordingly, for the above stated reasons I find[3] that Petitioner has failed to demonstrate that she suffered the injury of GBS, and hereby dismiss Petitioner's GBS claim.** I will proceed with transferring Petitioner's case out of SPU and will randomly reassign the case to a special master to conduct further proceedings to establish whether Petitioner has demonstrated an off-Table case for demyelinating disease and neuropathy.

IT IS SO ORDERED.

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

However, there is no support in the medical records for a GBS notwithstanding this application signed by Ms. Sancrown. *Id.*

[3] I make these findings after a complete review of the record, including all medical records, affidavits, and all other additional evidence and filings from the parties.